UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| DAMON PIERRE PORTER, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No. | 3:18-CV-364 |
| | ) | | 3:16-CR-22 |
| | ) | | Judge Phillips |
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Petitioner Damon Pierre Porter ("Petitioner") filed a pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] and a motion to amend his § 2255 petition [Doc. 8].[1] The United States of America ("Respondent") has responded in opposition to his motion [Doc. 9]. Petitioner has not replied and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

**I.  Background**

On November 21, 2016, Petitioner pled guilty to the lesser included offense in the Indictment [Case no. 3:16-CR-22, Doc. 1], possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). Based on the drug quantity, the United States Probation Office calculated his base offense level

---

[1] All citations to documents in the record reference case number 3:18-cv-364 unless otherwise specified.

as 22 under the United States Sentencing Guidelines [Case No. 3:16-CR-22, Doc. 24 at ¶ 14]. Due to his prior convictions for second degree murder and aggravated robbery [*Id.* at ¶¶ 30, 31], Petitioner was classified as a career offender, thus increasing his Guideline offense level to 34 [*Id.* at ¶ 20]. After reducing the offense level for acceptance of responsibility, Petitioner's total offense level was 31 with a criminal history category VI [*Id.* at ¶¶ 23, 42]. This produced an advisory Guideline range of 188 to 235 months imprisonment [*Id.* at ¶ 63]. Petitioner did not object to the calculation of his Guideline range or the application of the career offender enhancement.

On August 30, 2017, Petitioner was sentenced to a term of imprisonment of 188 months, to be followed by a four-year term of supervised release [Case No. 3:16-CR-22, Doc. 41]. Petitioner did not appeal his conviction or sentence, but filed a § 2255 motion on September 4, 2018 [Doc. 1].

**II.     Standard of Review**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law ... so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003), *cert. denied*, 540 U.S. 1133 (2004)). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage

of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8(a) requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III.  Analysis

Petitioner raises several claims of ineffective assistance of his trial counsel, Andy S. Roskind. Ineffective assistance of counsel is a recognized constitutional violation that,

3

when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff*, 734 F.3d at 606. The *Strickland* test provides that, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that [his] attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance because:

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

4

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet this burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

    1.    <u>Failure to Seek Additional Testing</u>

As set forth in his plea agreement, Petitioner arranged to sell methamphetamine to a confidential informant on December 3, 2015, in Monroe County, Tennessee [Case No. 3:16-CR-22, Doc. 20 at ¶ 3]. When Petitioner arrived at the arranged meeting site, law enforcement officers found him in possession of 48.8 grams of methamphetamine [*Id.*]. Petitioner now complains that his attorney did not seek additional laboratory analysis of the methamphetamine and that a lab report indicated an amount of 48.16 grams, rather than

5

the 50 or more grams charged in the indictment [Doc. 1 at pp. 4—6]. As Respondent notes, it is unclear how additional testing of the methamphetamine would have altered the outcome of his case [Doc. 9 at p. 5].

Petitioner's plea agreement admits his arranged drug transaction and possession of 48.8 grams methamphetamine and "a variety of pills" [Case No. 3:16-CR-22, Doc. 20 at ¶ 3, Doc. 51 at p. 10]. The facts supporting his conviction for this charge were read aloud to him during the change of plea hearing [Case No. 3:16-CR-22, Doc. 51 at p. 9]. The Court questioned Petitioner if he understood the charges he was pleading guilty to and he responded affirmatively [*Id.* at p. 10]. He further affirmed that he was pleading guilty because he was, in fact, guilty [*Id.*]. Thus, Petitioner's suggestion that the substance might not have been methamphetamine is contrary to his sworn statements in court and to the law. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Counsel was not deficient in failing to seek additional testing of the methamphetamine.

2. Failure to Move for Suppression

Petitioner also complains that Mr. Roskind did not move to suppress the methamphetamine obtained from an "unlawful search" of the vehicle "without consent from the owner" [Doc. 1 at pp. 2, 4]. Petitioner does not state on what basis the search could have been challenged other than "serious question [sic] about the validity of the warrant upon which the unlawful search was based" [*Id.* at p. 4]. Respondent points out that Petitioner brought methamphetamine to an agreed-upon location for sale and there is

6

no legitimate basis on which Mr. Roskind could have successfully moved for suppression of the evidence [Doc. 9 at p. 5].

Failure of counsel to file a meritorious motion to suppress may be ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 382—83 (1986), but is not ineffective assistance per se. *Id.* at 384. In order to meet his burden of proving ineffective assistance of counsel for not filing a motion to suppress, Petitioner must show that counsel's failure fell below the objective standard of reasonableness, and he "must also prove that his Fourth Amendment claim is meritorious." *Id.* at 375. However, "whether trial counsel … acted incompetently in not filing a timely motion to suppress depends upon the merits of the search and seizure question," and where such a motion would not have succeeded, counsel did not render a prejudicial performance in failing to seek suppression. *Worthington v. United States*, 726 F.2d 1089, 1093 (6th Cir. 1984), *cert. denied*, 469 U.S. 827 (1984) (J. Contie, concurring).

Probable cause to search is established if there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238 (1983). "The probable cause requirement ... is satisfied if the facts and circumstances are such that a reasonably prudent person would be warranted in believing that an offense has been committed and that evidence thereof would be found on the premises to be searched." *United States v. Besase,* 521 F.2d 1306, 1307 (6th Cir. 1975). Probable cause may be established through information from any reliable source or sources. *Draper v. United States,* 358 U.S. 307, 313 (1959). Knowledge of illegal activities obtained by law enforcement officers through a confidential informant and substantiated by independent

surveillance supports a probable cause determination. *United States v. Jones,* 159 F.3d 969, 974 (6th Cir. 1998).

The record reflects, and Petitioner has admitted, that he was contacted by a confidential informant about the purchase of methamphetamine. When he arrived at the agreed-upon location at the agreed-upon time, the vehicle in which Petitioner was traveling was searched by law enforcement. Petitioner has presented no facts or argument, other than his conclusory assertions of an unlawful search, that would have supported a meritorious argument for suppression of the methamphetamine seized. Counsel was not deficient in failing to move for suppression of the evidence. *Brown v. McKee*, 231 F. App'x 469, 475 (6th Cir. 2007).

3. <u>Counsel Pressured Petitioner to Plead Guilty</u>

Petitioner claims that his counsel coached and coerced him to plead guilty "to cover-up poor preparation" and "threatened him with absolute certainty that he would receive 40 years" if he went to trial [Doc. 1 at pp. 5—6]. Respondent argues that Petitioner did not raise any challenge to his guilty plea on direct appeal and he faces a high hurdle to excuse the procedural default of this argument [Doc. 9 at p. 6]. The Court agrees.

The Court finds Petitioner's allegation the counsel coerced him to plead guilty to cover up poor preparation to be unsubstantiated and self-serving. Further, "correctly informing a defendant that he may face a greater sentence after conviction at trial is not coercion, and in fact, failure to do so may qualify as ineffective assistance of counsel." *United States v. Taylor*, 254 F. Supp. 3d 145, 159 (D.D.C. 2017).

8

Moreover, Petitioner's claim is belied by the record of his change of plea hearing. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. As reflected by the transcript, this Court scrupulously followed the requirements of Fed. R. Crim. P. 11 at the change of plea hearing and conducted a proper, clear, and thorough plea colloquy. A trial court's "thorough examination at the hearing, taking careful and appropriate measures to dispel any confusion on [the defendant's] part before the plea was accepted," cured any claim that the defendant was prejudiced by erroneous "advice from [the defendant's] trial attorney [that allegedly] led to his misunderstanding the consequences of his guilty plea." *Barker v. United States,* 7 F.3d 629, 633 (7th Cir.1993), *cert. denied,* 510 U.S. 1099 (1994). Likewise, where the court follows the requirements of Rule 11, "the defendant is bound by his statements in response to the court's inquiry." *Baker v. United States,* 781 F.2d 85, 90 (6th Cir.), *cert. denied*, 479 U.S. 1017 (1986). Petitioner was advised of the charge against him, the factual basis for the charge, and the potential penalties for that offense [Case No. 3:16-CR-22, Doc. 51 at pp. 8—9]. Petitioner admitted, under oath, that the facts contained in his plea agreement were correct and that he was guilty [*Id*. at p. 10]. Further, Petitioner stated that no one had pressured him, either mentally or physically, to plead guilty [*Id*. at pp.7—8]. In sum, the Court finds that this argument is without merit.

    4.    <u>Failure to Object to Career Offender Designation</u>

9

Petitioner complains that his counsel failed to object to his designation as a career offender under the Sentencing Guidelines [Doc. 1 at pp. 8—12]. His primary complaint is that his previous conviction for aggravated robbery is not a crime of violence and cannot be a predicate offense for the career offender designation. As outlined by the Respondent [Doc. 9 at pp. 7—10], this argument is without merit.

The Guidelines classify an individual as a career offender if (1) he was at least 18 when he committed the crime of conviction; (2) the crime of conviction is a felony crime of violence or a felony controlled-substance offense; an (3) he has been convicted of at least two other crimes of violence of controlled-substance offenses. U.S.S.G. § 4B1.1. A "crime of violence" includes any offense that "has, as an element, the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Petitioner raises no argument that his prior conviction for second degree murder qualifies as a crime of violence, but suggests that his conviction for "simple robbery"[2] does not qualify as a crime of violence under the Guidelines [Doc. 1 at p. 8].[3] Petitioner relies on *United States v. Yates*, 866 F.3d 723 (6th Cir. 2017), in support of his position, but *Yates* considered whether Ohio's robbery statute was broader than the use-of-force clause in U.S.S.G. § 4B1.2. More pointedly, *Yates* did not consider Tennessee's robbery statute nor

---

[2]The Presentence Investigation Report ("PSR") reflects that Petitioner was convicted of aggravated robbery and he raised no objection to the accuracy of the PSR [Case No. 3:16-CR-22, Doc. 24 at ¶ 31].

[3]Petitioner also argues that aggravated burglary is no longer a violent felony in Tennessee [Doc. 1 at p. 10], but that is of no relevance to his case as his sentence was not enhanced pursuant to a prior aggravated burglary conviction. Further, as Respondent notes [Doc. 9 at p. 9, n.5], a Tennessee aggravated burglary conviction is a violent felony for purposes of the Armed Career Criminal Act. *United States v. Stitt*, 139 S. Ct. 399 (2018).

alter the Sixth Circuit's prior conclusion that any violation of Tennessee's robbery statute categorically qualifies as a crime of violence for purposes of U.S.S.G. § 4B1.1. *See United States v. Mitchell*, 743 F.3d 1054, 1058—60 (6th Cir.), *cert. denied*, 135 S. Ct. 158 (2014); *United States v. Bailey*, 634 F. App'x 473, 476—77 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 846 (2016); *United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015); *United States v. Hibbit*, 514 F. App'x 594, 597 (6th Cir. 2013). Thus, there was no reason for counsel to raise an issue as to Petitioner's career offender designation pursuant to *Yates* and his failure to raise a meritless argument was not ineffective assistance. *Chapman v. United States*, 74 F. App'x 590, 593 (6th Cir. 2003); *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999).

Petitioner also indirectly suggests that his designation as a career offender is an over- representation of his criminal history and the Court should make "proper sentencing adjustments" [Doc. 1 at pp. 11—12]. However, the record reflects that Petitioner was properly designated as a career offender and that he earned that designation with his extensive, often violent, criminal history [*see* Case No. 3:16-CR-22, Doc. 24]. Petitioner should have raised any challenge to his advisory Guideline calculation via direct appeal and he has not presented any evidence of a constitutional error or an error so fundamental as to invalidate the entire proceedings. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

     5.     <u>Whether Petitioner is Entitled to Relief Under the First Step Act</u>

Almost eight months after he filed his § 2255 motion, Petitioner filed a motion to amend [Doc. 8] his petition in light of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, enacted December 21, 2018. The motion first asks whether the First Step Act

11

applies to Petitioner's conviction [*Id.* at p. 2], but then reiterates many of his same arguments regarding the application of the career offender enhancement, discussed *supra* [*Id*. at p. 3].

As Respondent notes, Petitioner offers no argument or evidence as to how the First Step Act might apply to his conviction or sentence [Doc. 9 at pp. 10—11]. Section 404(b) of the First Step Act instructs that the "court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . . , that was committed before August 3, 2010." First Step Act, § 404(a). Petitioner's offense occurred in 2015 and he was convicted in 2017, long after the effective date of the Fair Sentencing Act. Accordingly, section 404 of the First Step Act offers Petitioner no relief and Petitioner has not hinted at any other provision which might be applicable to his case. His motion to amend his § 2255 petition will be denied.

**IV. Conclusion**

For the reasons set forth above, Petitioner is not entitled to relief under § 2255 and his § 2255 motion [Doc. 1] will be **DENIED**, his motion to amend his § 2255 petition [Doc. 8] is **DENIED**, and this civil action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Because Petitioner has failed to make a substantial showing of the denial of a

constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b)(1) of the Federal Rules of Appellate Procedure.

An appropriate order will enter.

          s/ Thomas W. Phillips
          SENIOR UNITED STATES DISTRICT JUDGE